IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02586-WJM-MEH

HOLLY MACINTYRE,

  Plaintiff,

v.

JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, and
the heirs, successors, devisees, personal representatives, and estates of any of the persons above-
named who may be deceased, and Any and All Unknown Persons or entities who claim any interest
in real property which is the subject matter of this action,

  Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant JP Morgan Chase Bank, N.A.'s Motion to Dismiss Pursuant

to Fed. R. Civ. P. 12(b)(6) [filed January 15, 2013; docket #39].  Pursuant to 28 U.S.C. §

636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation.

The motion is fully briefed, and the Court concludes oral argument would not materially assist the

Court in its adjudication of the motion.  Upon review of the motion, the Court perceived issues

raising questions of this Court's subject matter jurisdiction over this action.  Accordingly, the Court

issued an Order to Show Cause directing Defendant to demonstrate why this matter should not be

remanded to state court.  Defendant responded agreeing that the case should be remanded.  Thus,

for the reasons that follow, the Court respectfully RECOMMENDS that this case be remanded to

state court for this Court's lack of subject matter jurisdiction, and that the motion to dismiss be

**denied without prejudice**.[1]

## BACKGROUND

Plaintiff, proceeding *pro se*, initiated this action in Jefferson County District Court on April 4, 2012 by filing a Complaint and Request for Preliminary Injunction.  (Docket #3.)  Plaintiff subsequently filed an Amended Complaint and Request for Preliminary Injunction on or about September 15, 2012.  (Docket #4.)  The case was removed to this Court on September 28, 2012.  (Docket #1.)  The then-Defendants filed a motion for more definite statement on October 5, 2012 and the Plaintiff agreed to amend her pleading to reflect the Defendants' suggested changes.  (Dockets #14 and #16.)  Accordingly, Plaintiff filed the operative Second Amended Complaint on December 13, 2012, naming only JP Morgan Chase Bank, N.A. ("Chase") as a Defendant in this case.  (Docket #35.)

Plaintiff, Holly MacIntyre, alleges she has owned the property located at 13025 W. 63rd Place, #E, Arvada, Colorado 80004 since March 31, 1995.  On or about November 29, 2000, Plaintiff executed a Home Equity Line of Credit Deed of Trust against the property for the benefit of Citibank in the amount of $13,000.  (Docket #35-2 at 5-6.)  On or about January 10, 2003,

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b).  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Plaintiff executed a Deed of Trust against the property for the benefit of Broker One Lending, LLC

in the amount of $100,000.00. (*Id.* at 8-10.) On or about July 28, 2008, Plaintiff executed a Deed

of Trust against the property for the benefit of Defendant Chase in the amount of $59,775.00. (*Id.*

at 13-15.)

On January 25, 2012, an Assignment of Deed of Trust was filed reflecting the transfer of all

rights, title and interest in the Deed of Trust in the amount of $100,000.00 from Mortgage Electronic

Registration Systems, Inc. ("MERS"), as nominee for Broker One Lending, LLC to Defendant

Chase. On or about February 9, 2012, Chase recorded a Public Trustee's Notice of Election and

Demand ("NED") against the property, seeking to foreclose on the property pursuant to the assigned

Deed. Plaintiff alleges that, since the promissory note attached to the Deed has been "securitized,"

all rights, interests, and title have been extinguished as to the Deed and, thus, Chase cannot claim

to be a "holder" of the note and cannot proceed with a foreclosure action against the property. As

such, Plaintiff believes her title to the property is "free and clear as to any securitization instrument

or any secured interest," and she seeks to quiet title to the property to herself. Further, Plaintiff

alleges Chase has slandered the title to the property by recording the NED. Finally, Plaintiff seeks

additional injunctive relief, enjoining Chase from proceeding with its foreclosure action.

In response to the Second Amended Complaint, Chase filed the present motion to dismiss

arguing that Plaintiff has no standing to seek to quiet title due to her undisputed default on the note,

that Chase is the true holder of the note and is authorized to proceed with foreclosure, and that

securitization of the note has not extinguished Chase's interest in the Deed. Further, Chase contends

Plaintiff's slander claim fails as a matter of law because she cannot show the assignment and NED

are "false" and because the tort claim is predicated on a "breach" of the Deed and, thus, is barred

by the economic loss rule.

Plaintiff counters that a motion to dismiss is not appropriate for analyzing the merits of the case, but only for testing the sufficiency of a complaint.  She claims that she should be entitled to present evidence of her claims in this case.  Plaintiff asserts that, through a Chapter 7 bankruptcy proceeding, she obtained a discharge from all debt, including the subject note, on or about January 6, 2011 and, thus, Chase has no rights to any indebtedness upon which to foreclose.  She also argues that Chase misconstrues the term "default" in its supporting case law by representing to this Court that a "defaulting borrower" is one who has not paid his/her obligation on the loan when, actually, the term "default" used in cases cited by Chase means one who has not appeared in court.  Further, Plaintiff contends that the assignor of the Assignment of Deed of Trust is a Chase employee, rather than the "Assistant Secretary" for MERS as set forth on the Assignment and, therefore, the document is void because Chase has no authority to assign a Deed of Trust, in which it has no rights or interest, to itself.  Finally, Plaintiff argues that MERS (to the extent a consolidation agreement gave it the power as "designee") never had title to the note; thus, it had no authority to assign the power to foreclose.

Chase replies repeating its arguments that it holds the original note and that, because the Plaintiff has defaulted on the note, she lacks standing to bring a quiet title claim against Chase. Chase contends that Plaintiff misreads case law concerning a "defaulting borrower" and raises no other arguments disputing her lack of standing.  Further, Chase asserts that any new allegations or documents proffered by the Plaintiff in support of her response are improper as outside the four corners of the complaint and should be disregarded by this Court.  Chase also argues that the MERS assignment has no bearing on its ability to foreclose on the subject property.  Moreover, Chase states

that the bankruptcy discharge of the subject Note has no bearing on its ability to foreclose, since the

discharge order itself confirms that a "creditor may have the right to enforce a valid lien, such as a

mortgage or security interest, against the debtor's property after the bankruptcy ...." Reply, docket

#70 at 8-9.  Finally, Chase repeats its arguments that the slander of title claim fails as a matter of

law.

Upon review of the motion, the briefing and the Second Amended Complaint, the Court

determined that, due to the lack of any federal claims and the uncertainty of the status of foreclosure

proceedings in state court, there might be issues concerning this Court's subject matter jurisdiction

pursuant to the *Younger* abstention and/or *Rooker-Feldman* doctrines.  That is, does this Court have

jurisdiction to adjudicate the Plaintiff's state law quiet title and slander claims when the related

foreclosure proceedings she challenges are in progress or are concluded? The Court issued an Order

to Show Cause on May 16, 2013 directing Defendant to demonstrate this Court's subject matter

jurisdiction.  Docket #74.  Defendant timely responded on June 7, 2013 conceding that the Court

lacks subject matter jurisdiction pursuant to the *Younger* abstention or *Rooker-Feldman* doctrines.

## LEGAL STANDARDS

### I.      Removal/Remand

To be removable, a civil action must satisfy the requirements for federal jurisdiction.  28

U.S.C. § 1441(a).  Federal jurisdiction in the present removal action is premised on diversity of

citizenship under 28 U.S.C. § 1332.  "The courts must rigorously enforce Congress' intent to restrict

federal jurisdiction in controversies between citizens of different states."  *Miera v. Dairyland Ins.

Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998) (citation omitted).  The presumption is therefore "against

removal jurisdiction."  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  "It is well-

established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [the courts'] constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005).

If the Court lacks jurisdiction over this case, I must recommend that the District Court remand the case back to state court pursuant to 28 U.S.C. § 1447. Because federal courts are courts of limited jurisdiction, there is a general presumption against such jurisdiction, and the party invoking it bears the burden of proof. *Laughlin*, 50 F.3d at 873; *see also McPhail v. Deere & Co.*, 529 F.3d 947, 954-55 (10th Cir. 2008) (as the party invoking federal court jurisdiction, the defendant bears the burden of establishing the requirements of diversity jurisdiction by a preponderance of the evidence). Where there exist uncertainties regarding the Court's jurisdiction, the uncertainties are resolved in favor of remand. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

## II.      Treatment of a Pro Se Plaintiff's Complaint

A federal court must construe a pro se plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the

proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

## ANALYSIS

Whether this Court has jurisdiction over the Second Amended Complaint is an issue the

Court must address before allowing the case to proceed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.");

*see also Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (court has a duty to

determine subject matter jurisdiction *sua sponte*). The removing party – here, Defendant Chase –

bears the burden of establishing the requirements of federal jurisdiction. *Martin*, 251 F.3d at 1290.

From a review of the allegations raised in the Second Amended Complaint, it appears possible that

this Court may not have subject matter jurisdiction over the claims pursued by the Plaintiff in this

case.

Reading the Second Amended Complaint liberally as I must, the Court finds that Plaintiff

seeks an order granting quiet title for and to the benefit of the Plaintiff, as well as a declaration that

title to the subject property is vested in the Plaintiff alone and an injunction preventing Chase "from

asserting estate, right, title or interest to subject property." (Second Amended Complaint, docket

#35 at 10.) Further, Plaintiff requests "a preliminary injunction to prevent Chase or any other party

from conducting a Rule 120 Request for Foreclosure; and from making any further transfers to the

property." (*Id.*, ¶ 8, docket #35 at 3.) In support of these requests, Plaintiff alleges that "on or about

February 9, 2012 [Chase] recorded a Public Trustee's Notice of Election and Demand ('NED')

against Plaintiff's property and residence; the subject property of this action. Chase seeks to

foreclose the subject property by means of a Rule 120 request for foreclosure allegedly authorized

by a questionable assignment of a Deed of Trust ('Deed') it allegedly received from an 'Assistant

Secretary' of MERS." (*Id.*, ¶ 2.)  Based upon these allegations, Plaintiff brings claims for Quiet Title

and for Slander of Title against Chase and other unnamed Defendants.  It is unclear from Plaintiff's

allegations whether the foreclosure proceeding she seeks to enjoin is ongoing or has concluded.

However, in response to this Court's order to show cause, Defendant informs this Court that

the state court issued an Order Authorizing Sale in the foreclosure proceedings on May 29, 2013.

Response, ¶ 6, docket #78 at 2.

Thus, prior to addressing whether the *Rooker-Feldman* or *Younger* abstention doctrines

apply, the Court finds that an understanding of the Colorado real estate foreclosure process is

necessary.  *See Plemons v. HSBC Bank USA, N.A.*, No. 11-cv-00038-CMA-BNB, 2011 WL

2976754, at \*4 (D. Colo. June 23, 2011).  The court in *Beeler Props., LLC v. Lowe Enters.*

*Residential Investors, LLC*, No. 07-cv-00149-MSK, 2007 WL 1346591 (D. Colo. May 7, 2007), set

forth a summary of the process:

> In Colorado, consensual liens against real property are created by recordation of a
> deed of trust granted by the lender to the public trustee of the county where the
> property is situate. Foreclosure of such liens is a hybrid process governed by statute.
> The process involves issuance of orders by the state district court authorizing and
> confirming the sale. C.R.C.P. 120; § 38–38–105, C.R.S. However, the process of
> conducting the sale and the parties' rights in such process are largely administrative.
>
> Upon default, if the deed of trust so authorizes, the lender or holder of the note may
> direct the public trustee to sell the property at a foreclosure sale. § 38–38–101(1),
> C.R.S. The lender must also seek an order from the state district court authorizing
> the sale under Rule 120. [FN3] Once a sale is authorized, the public trustee
> advertises and conducts the sale. § 38–38–101(4), C.R.S. The property is sold to the
> highest bidder who receives a Certificate of Purchase. Often, the purchaser is the
> holder of the deed of trust who bids all or part of the debt owed by the borrower.
>
> FN3. The Rule 120 procedure requires notice and gives the borrower an opportunity
> to object to the sale. Under Rule 120(a), the holder of the note files a verified motion

in the state court requesting an order authorizing the sale of the property. The clerk of the court then sets a hearing "not less than 20 nor more than 30 days after the filing of the motion[.]" C.R.C.P. 120(a). Interested persons who oppose the motion have an opportunity to respond. C.R.C.P. 120(c). After hearing, the court must "summarily" either grant or deny the motion. C.R.C.P. 120(d). If the court authorizes the foreclosure sale, it also "shall require a return of such sale to be made to the court, and if it appears therefrom that such sale was conducted in conformity with the order authorizing the sale, the court shall thereupon enter an order approving the sale." C.R.C.P. 120(g).

Prior to sale, the borrower may cure the default. After sale, the borrower and any junior lienholders may redeem [FN4] the title to the property by paying, to the holder of the Certificate of Purchase, the sum for which the property was sold with interest from the date of sale, together with any taxes paid or other proper charges. *See* § 38–38–101 to § 38–38–103, C.R.S. Redemption thus annuls the sale. If the redemption period passes, the holder of the Certificate of Purchase may seek an order confirming the sale and obtain a Trustee's Deed.

FN4. The time for redemption depends upon the nature of the property. § 3838302, C.R.S.

Rule 120(d) expressly provides that an order authorizing the sale of property is not "an appealable order or judgment." However, a party may seek injunctive or other relief in any court of competent jurisdiction. *Id.*

*Id.* at *2. Relying on the chronology of this procedure as described, the Court finds that the foreclosure proceeding related to this case is ongoing, since the state court order authorizing sale was issued only 12 days ago. As such, the Court will analyze whether the Court is barred from adjudicating the case pursuant to the *Younger* abstention doctrine.

The *Younger* abstention doctrine dictates that "federal courts not interfere with state court proceedings by granting equitable relief – such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings – when such relief could adequately be sought before the state court." *Amanatullah v. Colorado Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (quoting *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir.

1999)). *Younger* abstention requires that federal courts abstain from exercising jurisdiction when:

>   (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court
>
>   provides an adequate forum to hear the claims raised in the federal complaint, and (3) the
>
>   state proceedings 'involve important state interests, matters which traditionally look to state
>
>   law for their resolution or implicate separately articulated state policies.'

*Id.* (quoting *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997)).

When determining whether abstention is proper under the *Younger* framework, a court must "be sensitive to the competing tension between protecting federal jurisdiction and honoring principles of Our Federalism and comity." *Taylor*, 126 F.3d at 1296. However, "*Younger* abstention is non-discretionary; it must be invoked once if the three conditions are met, absent extraordinary circumstances." *Amanatullah*, 187 F.3d at 1163. "Extraordinary circumstances" include situations "where the plaintiff makes a showing of bad faith or harassment by state officials responsible for the prosecution or enforcement action," or "where the state law or regulation to be applied 'is flagrantly and patently violative of express constitutional prohibitions.'" *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 n. 4 (10th Cir. 2009) (quoting *Trainor v. Hernandez*, 431 U.S. 434, 442 n.7 (1977)) (citations and quotations omitted).

The allegations presented by Plaintiff in her Second Amended Complaint reflect that her claims – "quiet title" and "slander of title" – are related to proceedings that are ongoing in state court on matters that are clearly of state concern. Certainly, such claims are commonly heard in state court. Further, the Plaintiff seeks injunctive and/or declaratory relief concerning the foreclosure and/or the eventual sale of the property. Therefore, since the Plaintiff seeks primarily equitable relief in this case based upon state law claims that "involve important state interests, matters which

traditionally look to state law for their resolution," abstention pursuant to *Younger* applies absent extraordinary circumstances.

Here, the Plaintiff neither alleges nor otherwise demonstrates bad faith or harassment by state officials responsible for the ongoing action. Further, there are no claims nor any indication in this case that a state law or regulation "is flagrantly and patently violative of express constitutional prohibitions." Accordingly, the Court concludes that it has no discretion but must abstain from hearing this matter pursuant to the doctrine set forth in *Younger*.

## CONCLUSION

This case initiated in state court and involves ongoing proceedings in state court concerning matters that involve important state interests, matters which traditionally look to state law for their resolution. There is no indication in this case that extraordinary circumstances exist to trump the Court's requirement to abstain pursuant to *Younger*. Accordingly, the Court respectfully RECOMMENDS that the District Court remand this matter to the Jefferson County District Court for this Court's lack of subject matter jurisdiction and **DENY WITHOUT PREJUDICE** Defendant JP Morgan Chase Bank, N.A.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [filed January 15, 2013; docket #39].

Respectfully submitted this 11th day of June, 2013, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

11