**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-2586-WJM-MEH

HOLLY MACINTYRE,

    Plaintiff,

v.

JP MORGAN CHASE BANK,

    Defendants.

---

**ORDER AFFIRMING RECOMMENDATION (ECF NO. 79) AND DENYING
DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE (ECF No. 39.)**

---

    This matter is before the Court on Plaintiff Holly Macintyre ("Plaintiff") Objection to Magistrate Judge Michael E. Hegarty's Recommendation (ECF No. 79), dated June 11, 2013. ("Objection"). (ECF No. 80.) Defendant JP Morgan Chase Bank *(*"Defendant") filed a Response to the Objection. (ECF No. 80.) Plaintiff filed a Reply.[1] (ECF No. 90.)

    For reasons stated in this Order, Plaintiff's Objection is overruled. The Court finds under the *de novo* standard that there is no error in the Judge Hegarty's Recommendation ("Recommendation") based on the facts at the time disposition. The Court accepts that part of the Recommendation that denies Defendant's Motion to Dismiss without prejudice. The Court grants Defendant leave to re-file. However, because facts have arisen *after* Judge Hegarty's Recommendation was issued, the

---

[1] The matter initially came before Judge Hegarty on Defendants Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed January 15, 2013. (ECF No. 39.)

Court finds that the issue of subject matter jurisdiction requires further adjudication consistent with what is stated in this Order.

## I.  STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Rule 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  *See* Fed. R. Civ. P. 72(b)(3).  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

An objection to a recommendation is properly made if it is both timely and specific.  *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.* (*quoting Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

Here, Plaintiff filed her Objection within the designated time period, making it timely.  As to the specificity, the factual details stated in Objection are detailed enough for the purposes of satisfying this requirement.  The Objection—including what is stated in the Amended Objection—addresses the issue of subject matter jurisdiction.  This issue lies at the heart of the Recommendation.[2]

---

[2] Plaintiff filed an Amended Objection on July 23, 2013.  (ECF No. 81.)  The Court has reviewed the Amended Objection together with the original Objection.  These documents will be referred to as Plaintiff's "Objection" unless context demands otherwise.  Because of events that have occurred after the Recommendation was issued, the Court treats this filing much the same way it would supplemental briefing.  This view is also not inconsistent with 28 U.S.C. § 636(b)(1).

## II. BACKGROUND

Judge Hegarty's Recommendation is incorporated herein by reference. (ECF No. 79.) It succinctly outlines Plaintiff's substantive claims and the nature of the case—including claims for (1) Quiet Title and (2) Slander of Title in relation to the property located at 13025 W. 63rd Place, #E, Arvada, Colorado 80004 ("Property"). Plaintiff alleges that she has owned the Property since March 31, 1995. (*Id.* at 2.)

While the substantive claims provide context, it is the procedural history of this case and facts *arising after* Judge Hegarty's Recommendation, that provide the focus for present purposes. This is where the Court now turns.

### A.     Facts and Procedural Background Preceding the Recommendation

On September 28, 2012, a Notice of Removal was filed in this Court by Washington Mutual Mortgage Securities Corp., U.S. Bank, National Association as Trustee of WAMU Mortgage Pass Through Certificates, Series 2003-S12, JP Morgan Chase Bank, National Association, Fannie Mae from Jefferson County District Court, Case Number 2012cv1292. (ECF No. 1.)

On December 13, 2012, Plaintiff filed an Amended Complaint solely against Defendant Chase Bank predicated on state-law claims for (1) Quiet Title and (2) Slander of Title with respect to the Property. (ECF No. 35.)

On January 15, 2013, Defendant Chase filed its Motion to Dismiss with respect to Plaintiff's claims (1) and (2), above. (ECF No. 39.) Defendant contends that both claims fail as a matter of law. On April 2, 2013, Plaintiff filed a Response. (ECF No. 39.) Defendant's Reply followed on May 6, 2013. (ECF No. 70.)

On May 16, 2013, Judge Hegarty issued an Order to Show Cause, returnable by

Defendant Chase, to show cause why this action should not be remanded from this Court given the asserted lack of subject matter jurisdiction pursuant to the *Rooker/Feldman* and/or *Younger* abstention doctrines.[3]  (ECF No. 74.)

On May 28, 2013, a State Court—in a Rule 120 Proceeding—held an evidentiary hearing on Defendant Chase's standing to foreclose on the Property.  (See the May 28, 2013 Hearing Transcript from the Rule 120 Proceeding (the "Rule 120 Tran.")[4]  The State Court addressed arguments raised by Plaintiff's Rule 120 Response.   The State Court found that Defendant Chase held the original note to the Property, and entered its Order Authorizing Sale which permitted the Public Trustee to sell the Property at a public auction with the sale scheduled for June 26, 2013.  (*Id.*)

On June 11, 2013, Judge Hegarty Recommended that this case be "(1) remanded to state court for lack of subject matter jurisdiction and, (2) that the motion to dismiss be denied without prejudice." (ECF No. 79 at 1.)   The basis for lack of jurisdiction was found on *Younger* abstention.[5]  (ECF No. 79.)

---

[3] On June 7, 2013, Defendant Chase filed a Response and agreed that jurisdictional issues existed under *Rooker/Feldman* or *Younger* abstention doctrines.  (ECF No. 78.)

[4]  The transcript is in the record and was attached to Plaintiff's Expedited Written Objections to the Recommendation.  (ECF No. 80-1 at 32:10 - 33:15.)

[5] Younger requires that federal courts abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings 'involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999).  Younger abstention is mandatory unless extraordinary circumstances exist. (*Id.*)

Plaintiff filed an Objection on June 11, 2013, identifying constitutional due process concerns with the State Court Rule 120 proceeding. (ECF No. 80.) Plaintiff contends that: "The state court proceeding cited by the Magistrate [Judge] in reference to the present case is directly relevant to Plaintiff's quiet title action that was brought in her Complaint." (*Id.*) Plaintiff further contends that: "If Defendant is constitutionally ineligible to foreclose on her property by non-judicial means via Rule 120 and 38-38-101, and if Defendant lacks the legally required documentation to conduct a judicial foreclosure, Defendant will have no legally cognizable claim upon her property's title, which should consequently be quieted in Plaintiff. That circumstance, contrary to the Magistrate [Judge's] conclusion, is manifestly an indication in this case that extraordinary circumstances exist to trump the Court's requirement to abstain pursuant to Younger." (*Id.* at 4.)

### B. Facts and Procedural Background After the Recommendation

On June 25, 2013, Chase's foreclosure attorneys, Aronowitz and Mecklenburg withdrew the Notice of Election (NED) and Demand for Sale of Plaintiff's Property. This was one day prior to the sale of the Property. (ECF No. 82-1.)

On July 23, 2013, Plaintiff filed a Motion to Amend Objection to Judge Hegarty's Recommendation.[6] In the Amended Objection, because of the NED withdrawal, Plaintiff contends: "There is no 'ongoing state criminal, civil, or administrative proceeding' pertaining to Plaintiff's Second Amended Complaint. The Magistrate [Judge's]

---

[6] Pursuant to 28 U.S.C. § 636(b)(1), "[t]he judge may also receive further evidence" when ruling on objections to a magistrate judge's findings and recommendations. Pursuant to Fed. R. Civ. P. 72(b)(3), the district judge may receive further evidence. "This language commits the decision of whether to receive additional evidence to the sound discretion of the district court." *Henderson v. Echostar Comm. Corp.*, 172 Fed. Appx. 892, 895 (10th Cir. 2006).

Recommendation is based upon information that is now obsolete, rendering Younger inoperative." (ECF No. 82 at 3.)   Plaintiff further contends in the Amended Objection: "The 'ongoing proceedings in state court' to which the Magistrate Judge refers—the foreclosure proceedings under C.R.C.P. 120—are no longer ongoing. The Order Authorizing Sale, which was issued by the state court judge on May 29, 2013, expired unused, and the Public Trustee sale scheduled for June 26th was canceled because JP Morgan Chase's foreclosure attorneys, Aronowitz & Mecklenburg, withdrew the foreclosure on June 25th." (*Id.* at 2.)

On July 31, 2013, Defendant Chase filed a Motion for a two-week extension for its Response to the Amended Objection.  Defendant provided the following reason:

> Chase respectfully requests a two-week extension to respond because it needs additional time to finalize and issue the new notices and other Public Trustee documents in order for it to obtain a new sale date in the Rule 120 Proceeding. More specifically, and in order to properly show and advise the Court why the withdraw [sic] of the PT Foreclosure does not alter the Younger concerns addressed in the Recommendation, Chase needs to finalize and issue the appropriate notices and documentation under Colorado's non-judicial foreclosure statutes which will require an additional two weeks to complete. The completion of this process is crucial as it will undoubtedly impact the Court's ruling on the Recommendation.

(ECF No. 85 at 5.)

On August 5, 2013 Defendant Chase filed it Response. (ECF No. 88.) Notwithstanding what was provided in the Motion for Extension (above), Defendant states: (1) "[s]ince filing the Extension Motion, Defendant Chase has not issued the new notices and other Public Trustee documents in order for it to obtain a new sale date and there is no pending foreclosure sale," and  (2) "[b]ecause the [NED withdrawal] occurred after Magistrate Judge Hegarty issued his Recommendation, it is unclear whether these

events also undermine the basis for his Recommendation as argued by Plaintiff in the Amended Objection ... it may alter the basis for the Recommendation." (*Id.* at 11-12.)

Despite (1) and (2), Defendant then argues that the Court can review the substantive aspects of the Motion to Dismiss *de novo*—*i.e.* Plaintiff's Quiet Title and Slander claims—irrespective of the jurisdiction issues that formed the rationale for Judge Hegarty's dismissal in the Recommendation. (*Id.* at 12.)

On August 21, 2013, the Court granted Plaintiff's request to file a five-page Reply.

On August 30, 2013,[7] Plaintiff filed the Reply criticizing Defendant's Response for not filing new notices for the sale of the Property. Plaintiff's Reply also reiterates the position stated in the Amended Objection with respect to subject matter jurisdiction:

> The purpose of Plaintiff's Amended Objections [and the Reply] is to inform this Court that the threshold condition for Younger applicability as set forth in Amanatullah — "an ongoing state criminal, civil, or administrative proceeding" — has been eliminated, thus invalidating the remand recommendation.

(ECF No. 90 at 3.)

On September 4, 2013, Plaintiff filed a Motion to Strike Defendant's Response. (ECF No. 91.)

---

[7] In the Reply, Plaintiff states the following: "The irrevocable nature of the termination was signified by (1) the failure of Chase's foreclosure attorneys, Aronowitz and Mecklenburg, to file a bid within the one-year time limit under C.R.S. 38-38-109(1)(a) by June 24, 2013; (2) Aronowitz & Mecklenburg's filing of a Withdrawal of Notice of Election and Demand for Sale on June 25th; and (3) the Jefferson County Public Trustee's dismissal of foreclosure File Number J1200274 on June 28th." (ECF No. 90 at 3, fn.2.) The Court observes that these facts may be pertinent to future motions that are filed by the Parties. If Plaintiff seeks to rely on these facts, she should clearly cite where such facts exist in the record.

### III.  ANALYSIS

A.  **Whether this Court Should Address the Motion to Dismiss Without Assessing Subject Matter Jurisdiction?**

The facts outlined above are unique.  Not only has the present federal action been complicated by the state court action, but there are events that have occurred after Judge Hegarty's Recommendation that have altered the landscape upon which the original Recommendation was based.  Defendant goes as far as stating that the new facts potentially "undermine the basis for the Recommendation." (*Id.* at 11-12.)

Notwithstanding this, Defendant argues that this Court should review, *de novo*, Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed January 15, 2013. (ECF No. 39.)  That is, that the Court should review whether the substantive claims to (1) Quiet Title and, (2) Slander of Title should be dismissed as a matter of law. (*Id.*)

The Court disagrees. While the Motion to Dismiss *did* initially come before Judge Hegarty in the form for a Rule 12(b)(6) Motion, the issue of jurisdiction became central to the Recommendation when Judge Hegarty' sought that Defendant show cause why jurisdiction exists. (ECF No. 74.)  Because of this, the Court rejects Defendant's request that the Court now address the Rule 12(b)(6) Motion.  The reason is three-fold.

First, Defendant provides nothing in the way of precedent to support its position. Indeed, the statute tends to say the opposite.  The statute provides that the "district court judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  Here, the heart of Judge Hegarty's Recommendation analyzes subject matter jurisdiction.  This is what Plaintiff's

Objection was directed to. It was dispositive of the Recommendation. And because the Court lacked subject jurisdiction based on *Younger* abstention, there was no need to address Plaintiff's substantive claims. For the Court to now review those claims—in the context of Defendant's Motion to Dismiss—would effectively turn Rule 72(b)(3) on its head. The Court will *not* bypass Judge Hegarty's Recommendation because it is now convenient for Defendant to do so. Rule 72(b)(3) states as much.

Second, it must be remembered that the factual record has been primarily developed before Judge Hegarty; a record that has been incorporated herein. It is only because new facts and events have occurred since the Recommendation was issued that a problem now exists. Were the Court to dismiss the claims as sought by Defendant's Motion as a matter of law, the factual and procedural record before the Tenth Circuit would be a complete mess. It is bordering on that now. The better approach is to deny Defendant's Motion to Dismiss so that new facts can be incorporated into a re-filed motion and analyzed, accordingly.

Third, if the Court is without jurisdiction because of *Younger* abstention (in light of old or new facts), how can the Court dismiss with prejudice Plaintiff's claims pursuant to Rule 12(b)(6)? District courts have an affirmative obligation to admit whether jurisdiction is lacking. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Given the new facts that have come into play—along with the complex legal issues involved—it would be remiss for this Court to address Defendant's Motion to Dismiss without further briefing on whether jurisdiction exists. [8] *See Ruiz v. McDonnell*,

---

[8] The Court notes that should Defendant Chase seek to re-file the Motion to Dismiss, it will be first be required to address this threshold issue. Given the factual issues that have arisen since the Recommendation, it is questionable whether Defendant's Rule 12(b)(6) Motion

299 F.3d 1173, 1180 (10th Cir. 2002) (stating that the determination of subject matter jurisdiction is a threshold issue of law, that courts addresses before turning to the merits of the case.)

In sum, the Court declines Defendant's invitation to address the Motion to Dismiss on is merits. (ECF No. 39) The prudent course is to deny that Motion without prejudice, with leave to re-file.[9] Given the deficiencies in the record, the Court also grants leave to Plaintiff to file an amended complaint to incorporate any salient facts that are relevant to her claim that have arisen since the Recommendation was issued.

### B. Returning the Matter to Judge Hegarty for Status Conference

Rule 72(b)(3) provides that the "district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

As stated earlier, the factual and legal landscape upon which Judge Hegarty's Recommendation was based, has shifted. It has done so significantly. And while the Court finds under the *de novo* standard (1) that there is no error in the Judge Hegarty's Recommendation based on the facts at the time disposition, and (2) that the Court accepts that part of the Recommendation that denies Defendant's Motion to Dismiss without prejudice, the Court directs that this matter return to Judge Hegarty with the

---

to Dismiss can remain as much. There are now facts, well outside the four corners of the Amended Complaint, that touch upon both the jurisdictional issues and the substantive claims. By denying the Motion to Dismiss without prejudice, these facts can now be properly incorporated into the record for the Court's determination.

[9] The Court notes that pending what is stated at the Status Conference before Judge Hegarty, the re-filed motion may take the form for a Rule 12(b)(1) or Rule 56 motion (or combinations thereof).

following instructions so that the record can be fully and fairly developed before the jurisdiction issue is addressed further:

(a)  Before the Parties re-file any further motions in this case, that Judge Hegarty hold a Status Conference.  The conference should address, *inter alia*, whether the <u>re-filed</u> Rule 12(b)(6) motion should, in fact, be a Rule 12(b)(1) or a Rule 56 motion given the new events regarding the non-sale of the Property.

(b) In Judge Hegarty's discretion at the Status Conference, that he allow for limited jurisdictional discovery (if any), but best efforts be made by the Parties to stipulate to disclosure of all documents that would be relevant to any future motion.

(c) That any re-filed motion squarely addresses jurisdictional issues regarding (i) *Younger* abstention and (ii) *Rooker/Feldman* doctrine before the substantive claims in that same motion are analyzed.

(d) Before any Status Conference, the Parties contact Judge Hegarty's Chambers to (i) update his Chambers on the State Court proceedings that persist after June 25, 2013 and (ii) settlement status with respect to any foreclosure issues that persist after June 25, 2013 (if any).[10]

(e) Notwithstanding (a)-(d), that Judge Hegarty enter any further necessary or appropriate Order that he thinks fit to better streamline disposition of this case.

---

[10]  The Court also notes that there is a parallel file before the Court involving the same Parties as this case. *See* 13-cv-01647-WJM-MEH *MacIntyre v. JP Morgan Chase Bank, National Association et al*.   At the Scheduling Conference, the Parties should also be prepared to discuss whether that case should be consolidated with the instant one.

## IV.  CONCLUSION

For the reasons set forth above, the Court affirms Judge Hegarty's Recommendation in part **(ECF No. 79)** and ORDERS as follows:

1. The Court DENIES Defendant's Motion to Dismiss WITHOUT PREJUDICE **(ECF No. 39)** and GRANTS leave to re-file.

2. Plaintiff's Objection **(ECF No. 81)** is OVERRULED to the extent that it seeks that this Court maintain jurisdiction over this matter without further review.

3. Judge Hegarty to schedule a Status Conference before any further motions are filed in this matter consistent with the instructions stated in this Order.

4. That Plaintiff's Motion to Strike Defendant's Response **(ECF No. 91)** is DENIED.

5. That Plaintiff be GRANTED leave to re-file an amended complaint by no later than 10 days after the date of the Status Conference before Judge Hegarty.

Dated this 11th day of September, 2013.

BY THE COURT:

_____
William J. Martínez
United States District Judge