IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02586-WJM-MEH

HOLLY MACINTYRE,

      Plaintiff,

v.

JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, and
the heirs, successors, devisees, personal representatives, and estates of any of the persons above-
named who may be deceased, and Any and All Unknown Persons or entities who claim any interest
in real property which is the subject matter of this action,

      Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant JP Morgan Chase Bank, N.A.'s Motion to Dismiss Third

Amended Complaint or, in the Alternative, to Stay Action [filed December 19, 2013; docket #110].

Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matter is referred to this

Court for recommendation.  The motion is fully briefed, and the Court concludes oral argument

would not materially assist the Court in its adjudication of the motion.  For the reasons that follow,

the Court respectfully RECOMMENDS that the motion to dismiss be **granted**.[1]

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file
any written objections in order to obtain reconsideration by the District Judge to whom this case is
assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings
or recommendations to which the objections are being made. The District Court need not consider
frivolous, conclusive or general objections.  A party's failure to file such written objections to
proposed findings and recommendations contained in this report may bar the party from a de novo
determination by the District Judge of the proposed findings and recommendations. *United States
v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file
written objections to the proposed findings and recommendations within fourteen (14) days after

**BACKGROUND**

Plaintiff, proceeding *pro se*, initiated this action in Jefferson County District Court on April 4, 2012 by filing a Complaint and Request for Preliminary Injunction.  (Docket #3.)   Plaintiff subsequently filed an Amended Complaint and Request for Preliminary Injunction on or about September 15, 2012.  (Docket  #4.)  The case was removed to this Court on September 28, 2012.  (Docket #1.)  The then-Defendants filed a motion for more definite statement on October 5, 2012, and the Plaintiff agreed to amend her pleading to reflect the Defendants' suggested changes.  (Dockets #14 and #16.)  Accordingly, Plaintiff filed a Second Amended Complaint on December 13, 2012, naming only JP Morgan Chase Bank, N.A. ("Chase") as a Defendant in this case and bringing claims for quiet title and slander of title.  (Docket #35.)

Chase filed a motion to dismiss the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on January 15, 2013.  (Docket #39.)  Meanwhile, this Court held a scheduling conference and issued the operative Scheduling Order on January 24, 2013.  (Docket #47.)  In addition, the parties requested and were granted leave to hold a settlement conference with this Court and a temporary stay on briefing for the motion to dismiss.  (Dockets #51 and #52.)  This Court held a settlement conference on March 1, 2013, but the parties did not reach an agreement; the Court continued working with the parties over the next several months.   The parties completed briefing on the motion to dismiss on May 6, 2013, and upon review of the briefing, this Court issued an order for Chase to show cause why the case should not be remanded to the state court for this Court's lack

---

being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

of subject matter jurisdiction.  (Docket #74.)  In response, Chase conceded that the matter should

be remanded; thus, this Court issued a recommendation to remand the case and deny the motion to

dismiss without prejudice.  (Docket #79.)  However, based on matters that had occurred in the state

court since the filing of the motion to dismiss, Plaintiff objected to the recommendation.  (Docket

#80.)  Judge Martinez, on September 11, 2013, affirmed the recommendation in part, but due to the

fact that the related state-court action (a Rule 120 non-judicial foreclosure proceeding) had

proceeded, thus forming facts not on the record at the time of the recommendation, Judge Martinez

allowed the Plaintiff to file a Third Amended Complaint in an attempt to demonstrate this Court's

subject-matter jurisdiction.  (Docket #92.)  Judge Martinez also directed this Court to hold a status

conference with the parties to determine whether to allow jurisdictional discovery, and ordered the

Plaintiff to file her Third Amended Complaint within ten days after the status conference.  (*Id.*)

This Court held a status conference on October 18, 2013, at which the parties discussed

Chase's withdrawal of the Rule 120 foreclosure proceeding in state court, the dismissal of the

Plaintiff's related action in this Court (challenging the constitutionality of the Rule 120 proceeding)

and the administrative closure of this action pending resolution of Chase's new judicial foreclosure

proceeding in state court.  (Docket #99.)  The Court held another status conference on November

22, 2013 at which the parties confirmed that the Rule 120 proceeding had not yet been withdrawn

due to notice requirements, but would be withdrawn shortly.  (Docket #106.)  The Court instructed

the parties to confer regarding the dismissal of the related federal action.  (*Id.*)

In accordance with Judge Martinez's order, the Plaintiff filed the operative Third Amended

Complaint on December 2, 2013.  (Docket #108.)  She alleges she has owned the property located

at 13025 W. 63rd Place, #E, Arvada, Colorado 80004 since March 31, 1995.  On or about February

3

9, 2012, Chase recorded a Public Trustee's Notice of Election and Demand ("NED") against the property, seeking to foreclose on the property pursuant to the assigned Deed of Trust.  On May 28 and 29, 2013, Chase sought and received an Order Authorizing Sale ("OAS") in the Jefferson County District Court pursuant to Rule 120 of the Colorado Rules of Civil Procedure.  Before the foreclosure sale scheduled for June 26, 2013, Chase withdrew the NED on June 25, 2013, effectively terminating its nonjudicial foreclosure effort.  However, Chase failed or refused to withdraw the OAS with prejudice, saying that it may enforce the order at a future, unspecified date.

On November 21, 2013, Chase filed a Complaint for Judicial Foreclosure in Jefferson County District Court, which apparently coexists with the nonjudicial foreclosure proceeding that Chase contends is still ongoing.

Plaintiff further alleges that the subject promissory note, for which Chase claims to be the legal holder, has been shown by scientific analysis to be counterfeit, containing falsified signatures, initials and indorsements.  Consequently, the First Deed of Trust, which follows this promissory note, cannot be legally foreclosed and is not a legally cognizable claim upon the property's title. With respect to the Second Deed of Trust, every debt, loan or promissory note relative to and secured by the Deed has been "securitized" and, thus, all rights, interests, and title have been extinguished as to the Deed.  As such, Plaintiff believes no individual or entity can present a claim adverse to any right, title or interest in the property, and she seeks to quiet title to herself as the only person with an interest in the property.  Further, Plaintiff alleges Chase has slandered the title to the property by recording the NED.  In addition to the order quieting title, Plaintiff seeks a declaration that title to the property is vested in the Plaintiff alone, an injunction Chase from forever asserting any interest, right, estate or lien in the property, and damages resulting from Chase's conduct.

In response to the Third Amended Complaint, Chase filed the present motion to dismiss arguing that this Court should abstain from hearing Plaintiff's claims pursuant to the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971); the Court should dismiss or stay the case pursuant to the doctrine set forth in *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976); the Plaintiff has no standing to seek to quiet title due to her undisputed default on the note; Chase is the true holder of the note and is authorized to proceed with foreclosure; and securitization of the note has not extinguished Chase's interest in the Deed.  Further, Chase contends Plaintiff's slander claim fails as a matter of law, because she cannot show the assignment and NED are "false" and because the tort claim is predicated on a "breach" of the Deed and, thus, is barred by the economic loss rule.

Plaintiff counters that Chase improperly invokes the *Younger* abstention doctrine pursuant to Judge Martinez's September 11, 2013; according to the Plaintiff, Judge Martinez directed the parties to address jurisdictional issues with respect to the Rule 120 proceeding *only* but, here, Chase incorrectly attempts to apply the doctrine with its newly filed judicial foreclosure proceeding. Plaintiff further argues that, even if the subject Deed of Trust was assigned to Chase, the promissory note it holds is counterfeit and, thus, the Deed cannot follow an invalid note.  Plaintiff also contends that the promissory note was illegally transferred to Chase as a consequence of falsified indorsements.  In addition, Plaintiff asserts that, although the judicial foreclosure action is parallel to this case, neither the *Younger* abstention nor the *Colorado River* doctrines apply here because this Court has "prior exclusive jurisdiction" over this case.  Plaintiff also distinguishes Chase's cited cases supporting its *Younger* analysis and contends that Chase cannot reasonably apply either doctrine since it removed the case from state court to federal court.

Chase replies that it properly invokes its jurisdictional defenses, including *Younger* and *Colorado River*, in response to allegations made in the Amended Complaint, including that Chase filed the judicial foreclosure action in state court. Specifically, Chase contends that *Younger* applies here because this Court has not yet proceeded on the merits of Plaintiff's claims. Chase also rebuts Plaintiff's argument that Chase should be precluded from applying abstention doctrines, due to its removal of the case from state court, saying that Plaintiff's cited case is inapposite. Finally, Chase argues that application of the prior exclusive jurisdiction doctrine is premature, given that the state court has not dismissed the judicial foreclosure proceeding and this Court has not yet ruled on jurisdiction, and is not applicable because neither of Plaintiff's claims are "in rem."

Furthermore, Chase repeats its argument that it holds the original note and that, because the Plaintiff has defaulted on the note, she lacks standing to bring a quiet title claim against Chase. Chase also contends that, by her admissions that she signed the Note and Deed and made payments to Chase while residing on the property, Plaintiff has waived any right to claim Chase is not entitled to payment under the Note. In addition, Chase asserts that Plaintiff is judicially estopped from challenging the validity of the Note because, under penalty of perjury, she described the debt to Chase as a valid debt and identified Chase as the only secured creditor of the property in her Chapter 7 bankruptcy action. Finally, Chase repeats its arguments that the slander of title claim fails as a matter of law.

## LEGAL STANDARDS

### I.     Dismissal under Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the

merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere [conclusory] allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this Court has jurisdiction to hear his claims.

Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

> First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Id.* at 1002-03 (citations omitted). The present motion launches a facial attack on this Court's subject matter jurisdiction; therefore, the Court will accept the truthfulness of the Complaint's factual allegations.

## II.     Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.  Twombly* requires a two prong analysis.  First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory.  *Id.* at 679-80.  Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim.  *Khalik*, 671 F.3d at 1191 .

## III.    Treatment of a Pro Se Plaintiff's Complaint

A federal court must construe a pro se plaintiff's "pleadings liberally, applying a less

stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id*.

## ANALYSIS

"When a defendant seeks dismissal under Rule 12(b)(1) and 12(b)(6) in the alternative, the court must decide first the 12(b)(1) motion for the 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction." *Mounkes v. Conklin*, 922 F. Supp. 1501, 1506 (D. Kan. 1996) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).

Reading the Third Amended Complaint liberally as I must, the Court finds that Plaintiff seeks an order granting quiet title for and to the benefit of the Plaintiff, as well as a declaration that title to the subject property is vested in the Plaintiff alone, an injunction preventing Chase "from asserting any interest, right, estate, or lien in the property," and "damages resulting from [Chase's] wrongful conduct." Third Amended Complaint, docket #108 at 7. In support of these requests, Plaintiff alleges that "on or about February 9, 2012 [Chase] filed a Notice of Election and Demand ('NED') with the Public Trustee of Jefferson County against Plaintiff's property and residence. Chase was seeking to foreclose a supposed First Deed of Trust upon the subject property by means

of non-judicial foreclosure, pursuant to C.R.S. § 38-38-101 et seq. and C.R.C.P. 120. " *Id.*, ¶ 4. Further, Plaintiff states that the state court issued an Order Authorizing Sale in the foreclosure proceedings on May 29, 2013 (*id.*), and that Chase withdrew the NED on June 25, 2013, the day before the foreclosure sale was set to occur. *Id.*, ¶ 5. Despite these proceedings, Plaintiff alleges that the promissory note on which the subject Deed provided security is counterfeit. *Id.*, ¶ 7. Based on these allegations, Plaintiff brings claims for "quiet title" and for "slander of title" against Chase and other unnamed Defendants.

However, in the present motion, Chase informs this Court that it has recently filed a *judicial* foreclosure action in Jefferson County District Court against the Plaintiff for her default on the loan. Motion, docket #110 at 5. Chase argues that, in light of this new proceeding, the Court should abstain from hearing Plaintiff's claims pursuant to the *Younger* doctrine, or dismiss or stay the action pursuant to the *Colorado River* doctrine. Alternatively, Chase contends that Plaintiff fails to state claims for relief . The Court will address each argument in turn, together with Plaintiff's objections.

**I.      Rule 12(b)(1) Defenses**

A.      *Younger* Abstention Doctrine

The *Younger* abstention doctrine dictates that "federal courts not interfere with state court proceedings by granting equitable relief – such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings – when such relief could adequately be sought before the state court." *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (quoting *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999)). *Younger* abstention requires that federal courts abstain from exercising jurisdiction when:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint,

and (3) the state proceedings 'involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'

*Id.* (quoting *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997)).

When determining whether abstention is proper under the *Younger* framework, a court must "be sensitive to the competing tension between protecting federal jurisdiction and honoring principles of Our Federalism and comity." *Taylor*, 126 F.3d at 1296. However, "*Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances." *Amanatullah*, 187 F.3d at 1163. "Extraordinary circumstances" include situations "where the plaintiff makes a showing of bad faith or harassment by state officials responsible for the prosecution or enforcement action," or "where the state law or regulation to be applied 'is flagrantly and patently violative of express constitutional prohibitions.'" *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 n. 4 (10th Cir. 2009) (quoting *Trainor v. Hernandez*, 431 U.S. 434, 442 n.7 (1977)) (citations and quotations omitted).

Plaintiff argues that Defendant's *Younger* defense is or should be applied only to the Rule 120 proceeding, which apparently has been withdrawn. However, Plaintiff fails to support this position with authority and the Court has found none. The only question asked by the Tenth Circuit is whether "there is an ongoing state criminal, civil, or administrative proceeding." The Court recommends finding that the judicial foreclosure action, filed in November 2013, may serve as such a state proceeding, provided that it meets all other *Younger* requirements. A ruling by this Court quieting title to and for the benefit of the Plaintiff could certainly interfere with the judicial foreclosure action in state court. No party disputes this factor.

The allegations presented by Plaintiff in her Third Amended Complaint reflect that her

claims – "quiet title" and "slander of title" – are related to the judicial foreclosure proceedings that are ongoing in state court on matters that are clearly of state concern.  Certainly, such claims arise from state law and are commonly heard in state court, and there is nothing indicating that the judicial foreclosure action would be an inadequate proceeding within which to hear Plaintiff's claims. Further, the Plaintiff seeks injunctive and/or declaratory relief concerning the foreclosure and/or the eventual sale of the property.  Therefore, since the Plaintiff seeks primarily equitable relief in this case based upon state law claims that "involve important state interests, matters which traditionally look to state law for their resolution," abstention pursuant to *Younger* applies absent extraordinary circumstances.

Here, the Plaintiff neither alleges nor otherwise demonstrates bad faith or harassment by state officials responsible for the ongoing action.  Further, there are no claims nor any indication in this case that a state law or regulation "is flagrantly and patently violative of express constitutional prohibitions."[2]  Plaintiff argues, however, that this Court has "prior exclusive jurisdiction" over the "*in rem*" proceeding.  *Id.* at 6-7.  That is, Plaintiff contends that, like a judicial foreclosure proceeding, her claim for quiet title also constitutes an *in rem* proceeding.  *Id.*  Plaintiff cites the Supreme Court for her position that "when one court is exercising *in rem* jurisdiction over a *res* [property], a second court will not assume *in rem* jurisdiction over the same *res*."  *Id.* (citing *Marshall v. Marshall*, 547 U.S. 293, 311 (2006) ("the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other")).  Plaintiff concludes that this Court either ***cannot*** under *Marshall* abstain from hearing her claims, or ***should***

---

[2]The Court notes that in a related case, 13-cv-01647-WJM-MEH, Plaintiff challenges the constitutionality of Colo. Rev. Stat. § 38-38-101 and Colo. R. Civ. P. 120; however, she does not do so in this case.

await a ruling on her motion to dismiss the state action, at which time this Court might determine whether the actions are parallel.

Chase counters that Plaintiff's argument is premature, since the Court has not yet established jurisdiction over this case, which is still at the pleadings stage.  Further, Chase argues that Plaintiff's quiet title claim, in a federal court, is not an *in rem* action but, rather, an *in personam* proceeding. Likewise, Plaintiff's slander of title claim, for which she seeks damages, is an *in personam* proceeding.

First, the Court agrees with Chase that Plaintiff's slander of title claim is *in personam*, as she seeks money damages for such claim.  *Centennial Petroleum, Inc. v. Carter*, 529 F. Supp. 563, 564 (D. Colo. 1982).  Federal and state courts may adjudicate concurrent *in personam* actions "at least until judgment is obtained in one of them which may be set up as res judicata in the other." *Southwestern Bank & Trust Co. of Okla. City v. Metcalf State Bank*, 525 F.2d 140, 141-42 (10th Cir. 1975).

However, the Court concludes Plaintiff's quiet title claim is an *in rem* or *quasi in rem* action. *See, e.g., Orlando Residence, Ltd. v. GP Credit Co., LLC*, 553 F.3d 550, 558 (7th Cir. 2009). Therefore, the question here is whether this Court has exclusive jurisdiction over the quiet title claim and, if so, whether this Court is required to exercise such jurisdiction over the action.

The Supreme Court has described the doctrine identified by the Plaintiff as "prior exclusive jurisdiction" as follows:

> But, if the two suits are *in rem* or *quasi in rem*, requiring that the court or its officer have possession or control of the property which is the subject of the suit in order to proceed with the cause and to grant the relief sought, the jurisdiction of one court must of necessity yield to that of the other. To avoid unseemly and disastrous conflicts in the administration of our dual judicial system, and to protect the judicial processes of the court first assuming jurisdiction, the principle, applicable to both

13

> federal and state courts, is established that the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other.

*Penn Gen. Cas. Co. v. Commonwealth of Pa. ex rel. Schnader*, 294 U.S. 189, 195-96 (1935) (citations omitted); *see also U.S. v. One Parcel Property Located at Lot 85*, 100 F.3d 740, 742 (10th Cir. 1996) ("the court first asserting jurisdiction over the property has the power to decide the case without interference from other courts"). Plaintiff contends that this Court assumed jurisdiction over the subject property when Chase removed the action to this Court, well before Chase filed its judicial foreclosure proceeding, but Chase argues that the present action is still at the pleading stage, as is the state action, and neither court has assumed jurisdiction over the property.

According to the Supreme Court in *Schnader*, jurisdiction attaches at a certain "time" during the action. *Id.* at 196; *see also, e.g., Blumenstock Bros. Adver. Agency v. Curtis*, 252 U.S. 436, 441 (1920) (where a controversy concerns a subject matter limited by federal law, jurisdiction attaches only when the suit presents a "substantial" claim under an act of Congress). In *Schnader*, the suits in both federal and state courts related to substantially the same subject matter and each court had issued injunctions restraining interference with the subject property; the Court concluded that the federal and state courts invoked jurisdiction concurrently. *Schnader*, 294 U.S. at 196. As such, the Court determined that the court with prior jurisdiction over the property would be the court in which the complaint was first filed. *Id.*

Here, Plaintiff argues that since her claims were filed in this Court before the judicial foreclosure action was filed in state court, this Court automatically has "prior exclusive jurisdiction" over her claims. However, Plaintiff's argument is inconsistent with *Schnader*; if a complaint first filed automatically results in "prior exclusive jurisdiction," then the Supreme Court would have simply concluded that the federal court had jurisdiction without any additional analysis. Instead,

the *Schnader* Court specifically determined "[w]here the assertion of jurisdiction by the two courts is nearly simultaneous, it becomes important, as in the present case, to determine the precise time when the jurisdiction attaches." *Schnader*, 294 U.S. at 196.  In *Schnader*, the federal and state courts asserted jurisdiction "nearly simultaneously" when they issued orders within 24 hours of each other restraining the company and its officers from transacting business and from disposing of property; the orders were then served on the company on the same day.  *Id.* at 193.

Here, while the Plaintiff concedes that the state and federal actions are parallel and they appear to relate to substantially the same subject matter, this Court has taken no action on the subject property, unlike the courts in *Schnader*.  In addition, the Court has questioned its subject-matter jurisdiction since Chase first sought to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6) on January 15, 2013.  *See* docket #39.  Thus, pursuant to *Schnader*, it is not clear that this Court has asserted jurisdiction over or taken control of Plaintiff's property.

Even if true that jurisdiction of this Court attached when Chase removed the action in September 2012 based upon diversity jurisdiction, *see Neagle v.Brooks*, 373 F.2d 40, 43 (10th Cir. 1967), this Court finds that it is not required to retain jurisdiction over Plaintiff's claims.  *See Schnader*, 294 U.S. at 196 ("the court first assuming jurisdiction over the property *may* maintain and exercise that jurisdiction to the exclusion of the other") (emphasis added).  Thus, the "prior exclusive jurisdiction" doctrine is not inconsistent with the mandatory provisions of *Younger*, and the Court finds that this case meets all three elements necessary to invoke the abstention doctrine.  Accordingly, the Court recommends that the District Court conclude it has no discretion but must abstain from hearing this matter pursuant to the doctrine set forth in *Younger*.

    B.    *Colorado River* Doctrine

Should the District Court disagree that abstention is required pursuant to *Younger*, this Court recommends that the case be dismissed or stayed pursuant to the *Colorado River* doctrine.

Unlike *Younger*'s requirement to abstain under certain conditions, abstention pursuant to *Colorado River* is discretionary.  Generally, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction."  *Colo. River*, 424 U.S. at 817.  However, based upon principles resting on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," a federal court may dismiss an action proceeding concurrently with a state court action.  *Id.* (citation and internal quotations omitted).  The Supreme Court instructs,

> In assessing the appropriateness of dismissal in the event of an exercise of concurrent jurisdiction, a federal court may also consider such factors as the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent forums. No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling [sic] against that exercise is required. Only the clearest of justifications will warrant dismissal.

*Id.* at 818-19.  Accordingly, the scope of the doctrine is "considerably more limited" than that of other abstention doctrines.  *Id.* at 818; *see also Fox v. Maulding*, 16 F.3d 1079, 1080 (10th Cir. 1994) ("[a]lthough not a true form of abstention, the doctrine is often treated as a variety of abstention and is governed by the general principle that abstention from the exercise of federal jurisdiction is the exception, not the rule.") (citations and internal quotations omitted).

Additionally, in certain "exceptional circumstances," *Colo. River*, 424 U.S. at 813, a federal court may stay a case in deference to parallel state proceedings.  "An order granting a *Colorado River* stay ... 'necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case' because a district court may enter such an order only if

it has full confidence that the parallel state proceeding will 'be an adequate vehicle for the complete and prompt resolution of the issues between the parties.'"  *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277 (1988) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 13 (1983)).

Thus, the Tenth Circuit has held that a district court determining the application of the doctrine must first determine whether the state and federal proceedings are parallel.  *Fox*, 16 F.3d at 1082.  If they are not parallel, this Court must exercise its jurisdiction.  *See Allen v. Bd. of Educ., Unified Sch. Dist. 436*, 68 F.3d 401, 403 (10th Cir. 1995).  If the proceedings are parallel, the Court must next determine whether "exceptional circumstances" suffice to defer to the state proceedings.  *Id.*

"Suits are parallel if substantially the same parties litigate substantially the same issues in different forums."  *Id.* (quoting *Fox*, 16 F.3d at 1081).  In making this determination, a court must assess the state proceedings "as they actually exist," not as they hypothetically "could have been brought."  *Fox*, 16 F.3d at 1081.  The exact identity of parties and issues is not required.  *United States v. City of Las Cruces*, 289 F.3d 1170, 1182 (10th Cir. 2002).  Rather, the proceedings are sufficiently parallel if "substantially the same parties litigate substantially the same issues."  *Id.*

The Court typically looks to the pleadings of the state and federal actions to determine whether the proceedings are parallel.  Here, Chase provided a copy of its Complaint for Judicial Foreclosure (docket #110-10), but copies of no other filings in that case.  Plaintiff attached to her response brief a copy of the motion to dismiss she filed in response to the judicial foreclosure complaint (docket #115-1).  Plaintiff "agrees that this case and the state foreclosure case are clearly parallel proceedings, for the time being."  Response, docket #115 at 6.

17

With this concession and a review of the pleadings, the Court concludes that the federal and

state actions are parallel pursuant to *Colorado River*.  Nonetheless, the Court must analyze whether

the circumstances of this case favor deference to the state proceeding.  As set forth above, the

Supreme Court in *Colorado River* identified several nonexclusive factors to consider in evaluating

whether to defer, including 1) whether the state or federal court has assumed jurisdiction over

property in dispute, 2) the inconvenience to the parties of the federal forum, 3) avoiding piecemeal

litigation, and 4) the order in which the courts obtained jurisdiction. *Colo. River*, 424 U.S. at 818.

The Supreme Court in *Moses H. Cone Hosp. v. Mercury Constr.*, 460 U.S. 1 (1983), added

additional factors, including the vexatious nature of the litigation, *id.* at 18 n. 20, whether federal

law provides the rule of decision, *id.* at 23, and the adequacy of the state court proceeding to protect

the federal plaintiff's rights, *id.* at 28.  This list should not be applied as "a mechanical checklist."

*Id.* at 16.  Determining abstention requires "a careful balancing of the important factors as they apply

in a given case, with balance heavily weighted in favor of jurisdiction."  *Id.*

The first and fourth factors have been already analyzed above, and the Court finds

inconclusive whether either the state or federal courts have assumed jurisdiction over the subject

property; thus, these factors weigh in favor of neither retention nor deference to the state court.  The

second factor, however, weighs in favor of deference.  While the Plaintiff may certainly bring her

state law slander and quiet title claims in state court, it is not certain that the Defendant may bring

a judicial foreclosure action in federal court.  According to the state court Complaint for Judicial

Foreclosure, Defendant asserts jurisdiction pursuant to Colo. Rev. Stat. § 13-1-124(c), which

authorizes state courts to invoke jurisdiction over causes of action arising from "the ownership, use,

or possession of any real property situated in this state."  "In the absence of any controlling federal

18

law, 'property' and 'interests in property' are creatures of state law." *Barnhill v. Johnson*, 503 U.S.

393, 398 (1992); *see also United States v. Bussell*, 504 F.3d 956, 968 (9th Cir. 2007) (observing that

"[t]rust deeds are generally creatures of state law").  Consequently, "foreclosure proceedings are

generally handled by state courts, not federal courts, and the propriety of determining whether a

foreclosure is appropriate is a matter of state law, not federal law." *Sobh v. Bank of Am., N.A.*, No.

11-11295, 2011 WL 2792449, at *1 (E. D. Mich. 2011); *see also Debiasse v. Chevy Chase Bank

Corp.*, 144 F. App'x 245, 247 (3d Cir. 2005) ("Foreclosure is a contractual matter, governed by state

law."); *Edward v. Dubrish*, No. 07-cv-02116-REB-KMT, 2009 WL 1683989, at *11 (D. Colo. 2009)

(noting that foreclosure proceedings "are matters governed by state law and are traditionally

resolved in state courts").  With these legal precepts in mind, the Court concludes that the second

factor weighs in favor of deference.

The third factor also weighs in favor of deference to the state court.  Although state and

federal courts may adjudicate concurrent litigation on the same or similar issues, in this case, any

order regarding title to the subject property might interfere with a state court order regarding the

same property.  Additionally, as the Court has explained to the Plaintiff in court proceedings, it is

typically inefficient and wasteful for two courts to adjudicate primarily the same matters.  As for the

additional factors, the Court finds that the litigation, though contentious, is not vexatious in nature

and thus, the factor weighs neutrally or in favor of retention.  However, state law provides the rule

of decision in this case and the Plaintiff's claims may certainly be heard in state court.  Therefore,

a consideration of all listed factors demonstrates they weigh substantially in favor of deference to

the state court.

Accordingly, should the District Court disagree that abstention is required pursuant to the

*Younger* doctrine, this Court recommends that the District Court dismiss or stay the case in deference to the state court proceedings.

## II.       Rule 12(b)(6) Defenses

Because this Court has determined that it should not assert jurisdiction over the Plaintiff's claims for quiet title and slander of title, the Court need not proceed with an analysis of Chase's arguments for dismissal of those claims pursuant to Fed. R. Civ. P. 12(b)(6).

### CONCLUSION

This case initiated in state court and involves ongoing proceedings in state court concerning matters that involve important state interests, matters which traditionally look to state law for their resolution; therefore, the Court recommends that the District Court abstain from hearing Plaintiff's claims pursuant to the *Younger* doctrine.  Alternatively, the Court finds that deference to the state court is proper pursuant to *Colorado River*, and recommends that the District Court dismiss or stay the action in deference to the state court proceedings.

Accordingly, the Court respectfully RECOMMENDS that the District Court **GRANT** Defendant JP Morgan Chase Bank, N.A.'s Motion to Dismiss Third Amended Complaint or, in the Alternative, to Stay Action [filed December 19, 2013; docket #110].

DATED this 21st day of February, 2014, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge