IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02586-WJM-MEH

HOLLY MACINTYRE,

    Plaintiff,

v.

JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, and
the heirs, successors, devisees, personal representatives, and estates of any of the persons above-named who may be deceased, and Any and All Unknown Persons or entities who claim any interest in real property which is the subject matter of this action,

    Defendants.

---

## MINUTE ORDER
---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on July 25, 2014.**

    Before the Court is Plaintiff's Motion to Restrain and Enjoin Proceedings in Jefferson County District Court, Pursuant to the All Writs Act, 28 U.S.C. § 1651(a) [filed July 24, 2014; docket #123]. Plaintiff seeks an order enjoining the state court from proceeding with a judicial foreclosure action filed by Defendant on November 21, 2013, on the basis that the state action is threatening this Court's jurisdiction over Plaintiff's claims. However, the All Writs Act is "a codification of the federal courts' traditional, inherent power to protect the jurisdiction they already have, derived from some other source." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1099 (11th Cir. 2004). In this case, the question whether this Court has jurisdiction over Plaintiff's claims remains pending before Judge Martinez. *See* docket #117. Accordingly, the Plaintiff's motion is premature and will be **denied without prejudice**. *See Klay*, 376 F.3d at 1104 (a district court may properly enjoin state courts to protect the integrity or enforceability of *existing* judgments or orders, rather than to protect its ability to prospectively issue one in a pending case).