**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-2586-WJM-MEH

HOLLY MACINTYRE,

    Plaintiff,

v.

JP MORGAN CHASE BANK,

    Defendant.

---

**ORDER ADOPTING FEBRUARY 21, 2014 RECOMMENDATION OF MAGISTRATE JUDGE AND GRANTING DEFENDANT'S MOTION TO DISMISS**

---

This matter is before the Court on the February 21, 2014 Recommendation of United States Magistrate Judge Michael E. Hegarty ("Recommendation") (ECF No. 117) that Defendant JP Morgan Chase Bank's ("Defendant") Motion to Dismiss ("Motion") (ECF No. 110) be granted. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Plaintiff Holly MacIntyre ("Plaintiff") filed a timely Objection to the Recommendation (ECF No. 118), and Defendant filed a Response to the Objection (ECF No. 120). For the reasons set forth below, the Objection is overruled, the Recommendation is adopted, and the Motion is granted.

## I. STANDARDS OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In the absence of a timely and specific objection,

"the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record."). An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* (*quoting Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

Because Plaintiff is proceeding *pro se*, the Court must liberally construe her pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Defendant's Motion is brought pursuant to Rule 12(b)(1), which empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to

adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing that federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Id.*

## II.  BACKGROUND

The only objection to the recitation of facts set forth by the Magistrate Judge in the Recommendation is Plaintiff's contention that the Recommendation misstates her argument with respect to whether Defendant complied with the Court's September 11, 2013 order directing the parties to address jurisdictional issues in their briefs. (ECF No. 118 at 1-2.) Because the question of such compliance is not relevant to the Court's analysis, the Court adopts and incorporates the factual background detailed in the Recommendation as if set forth herein.

Briefly, Plaintiff brings this action for quiet title and slander of title in relation to Defendant's attempt to foreclose on the property located at 13025 W. 63rd Place, #E, Arvada, Colorado 80004 ("Property"). (ECF No. 35.) Plaintiff states that she has owned the Property since March 31, 1995. (*Id.* at 6.) On June 25, 2013, Defendant

terminated its non-judicial foreclosure proceeding, and on November 21, 2013, it filed a judicial foreclosure proceeding in Jefferson County District Court (the "Foreclosure Proceeding"). (*See* ECF Nos. 82-1, 110-10.)

On December 2, 2013, with leave of Court, Plaintiff filed her Third Amended Complaint. (ECF No. 108.) Defendant's Motion was filed on December 19, 2013. (ECF No. 110.) Plaintiff filed a Response to the Motion (ECF No. 115), and Defendant filed a Reply (ECF No. 116). The Recommendation was issued on February 21, 2014. (ECF No. 117.)

### III.  ANALYSIS

The Magistrate Judge's Recommendation contains the following findings and conclusions: (1) the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), requires the Court to abstain from exercising jurisdiction over this action due to the ongoing Foreclosure Proceeding; (2) the prior exclusive jurisdiction doctrine does not require the Court to exercise jurisdiction; and (3) even if *Younger* does not apply, the Court should decline to exercise jurisdiction pursuant to the doctrine set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). (ECF No. 117 at 10-20.) As a result, the Magistrate Judge recommends granting Defendant's Motion and dismissing this case for lack of jurisdiction. (*Id.* at 20.)

Plaintiff's Objections argue the following: (1) the Recommendation improperly stated Plaintiff's position regarding the Court's September 11, 2013 order; (2) the *Younger* abstention doctrine does not apply to this case; (3) the *Colorado River* doctrine does not apply to this case; and (4) the Court must exercise jurisdiction pursuant to the prior exclusive jurisdiction doctrine. (ECF No. 118.)

As to Plaintiff's first argument, she contends that the Recommendation contains an erroneous "finding of fact" because it misstates her argument that Defendant failed to comply with the Court's September 11, 2013 order directing the parties to address jurisdictional issues. (*Id.* at 1-2.) Plaintiff misunderstands the portion of the Recommendation to which she objects, as it made no findings of fact but simply summarized the parties' positions. (*See* ECF No. 117 at 5.) The Court has made no finding that either party failed to comply with its September 11, 2013 order, nor is such compliance currently at issue, as both parties have sufficiently briefed all relevant jurisdictional issues. Regardless of the accuracy of the summary of Plaintiff's argument in the Recommendation, the Court has an independent obligation to ensure that federal subject-matter jurisdiction exists and will review the issue accordingly. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Therefore, Plaintiff's Objection is overruled in this respect.

With respect to *Younger*, the Recommendation found that the three factors requiring mandatory abstention were satisfied here: (1) the Foreclosure Proceeding is an ongoing state civil proceeding; (2) the state court provides an adequate forum to hear the claims Plaintiff raises; and (3) the Foreclosure Proceeding involves an "important state interest[]". (ECF No. 117 at 10-15.) Plaintiff objects only to the Recommendation's finding as to the first factor, that the Foreclosure Proceeding is an ongoing state proceeding for *Younger* purposes. (ECF No. 118 at 8-12.)

Plaintiff argues that the Foreclosure Proceeding should not be considered "ongoing" because it was filed fourteen months after the instant case. (*Id.* at 8-9.) A state proceeding is ongoing for *Younger* purposes if the federal litigation is in "an

5

embryonic stage and no contested matter has been decided." *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 929 (1975)). Plaintiff contends that the instant action has proceeded past the embryonic stage because Defendant filed a Motion to Dismiss that was directed to the merits of Plaintiff's claims, and that motion was briefed in full. (ECF No. 118 at 9.) However, the key question for the purposes of determining the stage of litigation is whether a ruling has been issued on the merits, not whether the parties have filed briefs arguing merits issues. *See Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (citing *Doran*, 422 U.S. at 929). Despite the nearly two years that have elapsed since the filing of the instant action, no ruling on the merits has yet been issued. Thus, the Court finds that the Foreclosure Proceeding is ongoing.

Plaintiff cites two cases from other circuits that she contends support a finding that the Foreclosure Proceeding is not ongoing for purposes of *Younger*. (ECF No. 118 at 10-12.) However, the Court finds that both cases are readily distinguishable. In both *For Your Eyes Alone, Inc. v. City of Columbus*, 281 F.3d 1209, 1219 (11th Cir. 2002), and *Hoye v. City of Oakland*, 653 F.3d 835 (9th Cir. 2011), the district courts had already ruled on motions for a temporary restraining order, in the course of which both courts reviewed evidence and made rulings regarding the merits of the cases. In contrast, the Court in the instant matter has made no such rulings, and has questioned the existence of jurisdiction since Defendant's initial Motion to Dismiss was filed. (*See* ECF No. 117 at 15 (citing ECF No. 39).)

The Court concludes that, due to the early stage of the instant case, the Foreclosure Proceeding is ongoing for the purposes of *Younger*. As Plaintiff does not

object to the findings as to the other two factors, the Court need not review them *de novo*. *See Summers*, 927 F.2d at 1167. The Court has reviewed the analysis in the Recommendation as to these factors and finds no clear error. Accordingly, that analysis is adopted, and the Court finds that factors two and three of the *Younger* analysis are satisfied. Thus, all three *Younger* factors are satisfied, and the Court is required to abstain from exercising jurisdiction in this matter. *See Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) ("*Younger* abstention is non-discretionary").

Nevertheless, Plaintiff argues in her Objection that the Court is required to exercise jurisdiction pursuant to the prior exclusive jurisdiction doctrine. (ECF No. 118 at 2-8.) Plaintiff challenges the Recommendation's interpretation of the leading case on the doctrine, *Penn General Casualty Co. v. Pennsylvania ex rel. Schnader*, 294 U.S. 189 (1935). (*Id.* at 3-8.) Plaintiff's Objection argues that *Schnader* requires a finding that, in this case, the assertion of jurisdiction in the instant action preceded the Foreclosure Proceeding because the complaint was filed in this Court first. (ECF No. 118 at 2-5.) Plaintiff also argues that *Schnader* mandates that the first court to exercise jurisdiction maintain it, because "the jurisdiction of one court must of necessity yield to that of the other" when both courts require possession or control of the property at issue to grant relief. (*Id.* at 5 (quoting *Schnader*, 294 U.S. at 195; citing *Marshall v. Marshall*, 547 U.S. 293, 311 (2006) ("[A] second court will not assume *in rem* jurisdiction over the same *res*.")).)

Even assuming that Plaintiff is correct that this Court was the first to assert jurisdiction, Plaintiff misreads *Schnader* when she interprets the prior exclusive

7

jurisdiction doctrine as mandatory. The language Plaintiff cites from *Schnader* clarifies that both courts may not exercise *in rem* jurisdiction simultaneously, but does not mandate that the first court to assert jurisdiction exclude the second court pursuant to the prior exclusive jurisdiction doctrine. Rather, *Schnader* states that the first court "may" exercise jurisdiction to the exclusion of the second. 294 U.S. at 196. Thus, *Schnader* permits the first court to assert jurisdiction over the subject property to yield jurisdiction to the second court. As the Court has found that *Younger* requires abstention here, the prior exclusive jurisdiction doctrine does not mandate otherwise.

Because the Court has found that *Younger* abstention applies here, it need not review either the Recommendation's analysis or Plaintiff's Objection with respect to the alternative abstention doctrine set forth in *Colorado River*. Even if Plaintiff's Objection with respect to the applicability of *Colorado River* were sustained, the Court must still abstain from exercising jurisdiction pursuant to *Younger*. Accordingly, the Court concludes that it lacks jurisdiction to hear this case, and Plaintiff's Objections are overruled in their entirety.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Recommendation of the United States Magistrate Judge (ECF No. 117) is ADOPTED;
2. Plaintiff's Objections to the Recommendation (ECF No. 118) are OVERRULED;
3. Defendant's Motion to Dismiss Third Amended Complaint (ECF No. 110) is GRANTED; and
4. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE for lack of jurisdiction,

and the Clerk shall enter judgment against Plaintiff and in favor of Defendant.

The parties shall bear their own costs.

Dated this 31st day of July, 2014.

BY THE COURT:

_____
William J. Martinez
United States District Judge