**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 12-cv-2586-WJM-MEH

HOLLY MACINTYRE,

   Plaintiff,

v.

JP MORGAN CHASE BANK,

   Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART**
**PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

---

This matter is before the Court on Plaintiff Holly MacIntyre's ("Plaintiff") Motion to

Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e), Or

Alternatively to Certify Issues for Interlocutory Appeal Pursuant to 28 U.S.C. § 1291

("Motion").  (ECF No. 128.)  Plaintiff asks the Court to amend the judgment in this

matter pursuant to Rule 59(e) on the grounds that the Court misconstrued the facts and

law.  (*Id.*)  For the following reasons, Plaintiff's Motion is granted in part and denied in

part.

## I.  BACKGROUND

Plaintiff brings this action for quiet title and slander of title in relation to

Defendant's attempt to foreclose on the property located at 13025 W. 63rd Place, #E,

Arvada, Colorado 80004 ("Property").  (ECF No. 35.)  Plaintiff states that she has

owned the Property since March 31, 1995.  (*Id.* at 6.)  On June 25, 2013, Defendant

terminated its non-judicial foreclosure proceeding, and on November 21, 2013, it filed a

judicial foreclosure proceeding in Jefferson County District Court (the "Foreclosure Proceeding"). (*See* ECF Nos. 82-1 & 110-10.)

On December 2, 2013, with leave of Court, Plaintiff filed her Third Amended Complaint. (ECF No. 108.) On February 21, 2014, U.S. Magistrate Judge Michael E. Hegarty entered a Recommendation that Defendant's Motion to Dismiss be granted based on *Younger v. Harris*, 401 U.S. 37 (1971), or alternatively, based on *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). (ECF No. 117.) On July 31, 2014, the Court overruled Plaintiff's objections to the Recommendation, adopted the Recommendation to abstain based on *Younger*, and declined to address the Magistrate Judge's alternative recommendation under *Colorado River*. (ECF No. 126.) Final Judgment was entered the same day. (ECF No. 127.)

On August 28, 2014, Plaintiff filed the instant Motion under Rule 59(e). (ECF No. 128.) Defendant filed a Response (ECF No. 129), and Plaintiff a Reply (ECF No. 131).

On December 2, 2014, a trial was held in the Foreclosure Proceeding, and on December 16, 2014, the state court entered a judgment in favor of Defendant, foreclosing on the Property. (ECF Nos. 135 & 135-1.) Plaintiff filed a Notice of Appeal of the judgment in the Colorado Court of Appeals on January 23, 2015. (ECF No. 135 at 2.)

## II. DISCUSSION

Rule 59(e) permits a Court to alter or amend a judgment on timely motion by a party. Fed. R. Civ. P. 59(e). "Rule [59(e)] was adopted to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450

(1982) (internal quotation marks omitted).  Accordingly, the Court may amend the judgment in its discretion where there has been an intervening change in the controlling law, new evidence that was previously unavailable has come to light, or the Court sees a need to correct clear error or prevent manifest injustice.  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  "A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Id*.  However, motions to alter or amend the judgment pursuant to Rule 59(e) "are regarded with disfavor. . . [and are] 'not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.'"  *Kerber v. Qwest Group Life Ins. Plan*, 727 F. Supp. 2d 1076, 1076 (D. Colo. 2010) (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

Plaintiff argues that the Court erred in its Order adopting the Recommendation because the *Younger* abstention doctrine does not apply to this case under *Sprint Communications v. Jacobs* 134 S. Ct. 584 (2013), and further argues that the Magistrate Judge's alternative basis for the Recommendation, the *Colorado River* doctrine, also does not apply to this case.  (ECF No. 128.)  Plaintiff makes no argument that there has been a change in law or that new evidence has become available since the Court's order was entered; thus, the Court must find clear error or manifest injustice in order to grant Plaintiff's Motion.  *See Servants of the Paraclete*, 204 F.3d at 1012.  The Court will consider the *Younger* and *Colorado River* doctrines in turn.

## A.    *Younger* Abstention

The Court's Order adopting the Recommendation found that three factors

3

requiring mandatory abstention under *Younger* were satisfied here: (1) the Foreclosure Proceeding is an ongoing state civil proceeding; (2) the state court provides an adequate forum to hear the claims Plaintiff raises; and (3) the Foreclosure Proceeding involves important state interests.  (ECF No. 126 at 5-7.)  Plaintiff failed to cite *Sprint* in both her response to Defendant's Motion to Dismiss and her Objection to the Recommendation, but now contends that *Sprint* altered the third factor analysis such that *Younger* does not apply here.  (ECF No. 128 at 2-8.)

The Magistrate Judge's analysis relied on *Amanatullah v. Colorado Board of Medical Examiners*, 187 F.3d 1160 (10th Cir. 1999), which held that the three factors of a *Younger* abstention analysis are as follows:

> (1) [T]here is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."

*Id.* at 1163 (quoting *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997)).  However, in *Sprint*, the Supreme Court reversed a decision by the Eighth Circuit Court of Appeals that applied *Younger* abstention using substantially the same analysis as in *Amanatullah*, holding that the use of the "important state interests" factor improperly broadened the scope of the abstention doctrine.  *Sprint*, 134 S. Ct. at 593.  Instead, the *Sprint* Court clarified that "*Younger* extends to the three 'exceptional circumstances' identified in [*New Orleans Public Service, Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 368 (1989)], but no further."  *Id.* at 594.  These three circumstances include (1) state criminal prosecutions, (2) civil enforcement proceedings, and (3) "civil

proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* at 591.

Thus, the Court agrees with Plaintiff that *Sprint* significantly cabined the breadth of *Younger* abstention as it has been applied in this circuit. As *Sprint* clarifies, a court evaluating whether *Younger* requires abstention must determine not whether a proceeding involves any important state interest, but whether it falls under one of the three specifically enumerated categories, none of which appear to apply to the Foreclosure Proceeding. In Response to the Motion, Defendant has declined even to discuss *Sprint*, conceding that it "arguably undercuts the application of the *Younger* doctrine" in this case. (ECF No. 129 at 7.) Accordingly, the Court finds that, following *Sprint*, *Younger* abstention does not apply to this case. Therefore, the Court's Order adopting the Recommendation pursuant to *Younger* was in error, and the Motion is granted as to the application of the *Younger* abstention doctrine.

The Court previously declined to address the Magistrate Judge's alternative recommendation that the Court abstain from exercising jurisdiction pursuant to the *Colorado River* doctrine. (ECF No. 126 at 8.) Accordingly, the Court proceeds to that analysis.

**B.    *Colorado River***

The *Colorado River* doctrine governs whether a district court should stay or dismiss a federal suit pending the resolution of a parallel state court proceeding. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976). The appropriate circumstances for deferral to state proceedings under the *Colorado River* doctrine are "considerably more limited than the circumstances

appropriate for abstention" and must be "exceptional."  *See Colorado River*, 424 U.S. at

817-18.  Accordingly, the Court's "task in cases such as this is not to find some

substantial reason for the exercise of federal jurisdiction . . . ; rather, the task is to

ascertain whether there exist exceptional circumstances, the clearest of justifications,

that can suffice under *Colorado River* to justify the surrender of the jurisdiction."  *Moses*

*H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983).

The Supreme Court has identified several non-exclusive factors to consider in

evaluating whether to decline jurisdiction, including: (1) whether the state or federal

court has assumed jurisdiction over property in dispute; (2) the inconvenience to the

parties of the federal forum; (3) avoiding piecemeal litigation; (4) the order in which the

courts obtained jurisdiction; (5) the vexatious nature of the litigation; (6) whether federal

law provides the rule of decision; and (7) and the adequacy of the state court

proceeding to protect the federal plaintiff's rights.  *See Colorado River*, 424 U.S. at 818;

*Moses H. Cone*, 460 U.S. at 18-28.  These factors are not a "mechanical checklist";

rather, the Court should "careful[ly] balanc[e] . . . the most important factors as they

apply in a given case, with the balance heavily weighted in favor of the exercise of

jurisdiction."  *Fox v. Maulding*, 16 F.3d 1079, 1082 (10th Cir. 1994).  The Magistrate

Judge here recommended declining to exercise jurisdiction pursuant to *Colorado River*,

finding that the instant action and the Foreclosure Proceeding are parallel, and that the

majority of the requisite factors for consideration weigh in favor of abstention.  (ECF No.

39 at 7-11.)

Plaintiff does not dispute that the proceedings are parallel—indeed, Plaintiff

conceded this in her response to the Motion to Dismiss (ECF No. 115 at 6)—but argues

that the *Colorado River* factors all weigh against abstention.  (ECF No. 128 at 9-15.)  As for the first factor, the Magistrate Judge found it inconclusive because this Court's jurisdiction over the Property had remained in question since the early stages of this case, and the Court had taken no action over the Property.  (ECF No. 117 at 15.)  The Court has reviewed the authority Plaintiff cites and finds that it does not conclusively establish whether the court with the first-filed case regarding real property necessarily assumes jurisdiction over that property on the date the case was filed.  *See, e.g.*, *Penn Gen. Cas. Co. v. Pennsylvania ex rel. Schnader*, 294 U.S. 189, 196 (1935).  For the purposes of this analysis, however, the Court will assume that because this action was filed before the Foreclosure Proceeding, this Court first assumed jurisdiction over the Property.  Accordingly, the first factor weighs in favor of the exercise of jurisdiction.

The parties agree that the second factor, the inconvenience to the parties of the federal forum, is irrelevant to this case, and is thus neutral in the balancing test.  (ECF Nos. 128 at 12; 129 at 10.)  However, the parties take opposing positions as to the third factor, the avoidance of piecemeal litigation.  (*Id.*)  This element is arguably the central factor guiding application of the *Colorado River* doctrine, as it is directly connected to the goal of preserving judicial economy.  "It is well-established that 'federal courts have the power to refrain from hearing,' among other things, 'cases which are duplicative of a pending state proceeding.'  This latter principle—the avoidance of duplicative litigation—is at the core of the *Colorado River* doctrine."  *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1233 (10th Cir. 2013), *cert. denied*, 133 S. Ct. 2831 (2013) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716-17 (1996)); *see also Moses H. Cone*, 460 U.S. at 16 (danger of piecemeal litigation was "paramount"

7

consideration in *Colorado River*).

In the instant case, as the Magistrate Judge noted, "any order regarding title to the subject property might interfere with a state court order regarding the same property." (ECF No. 117 at 19.)  Now that the Foreclosure Proceeding has advanced to judgment and is pending appeal, the Court could not rule on Plaintiff's quiet title claim without risking direct interference with a state judgment, and possibly inconsistent results.  Plaintiff disagrees, citing Third Circuit cases holding that "the 'avoidance of piecemeal litigation' factor is met . . . only when there is evidence of a strong federal policy that all claims should be tried in the state courts."  *Ryan v. Johnson*, 115 F.3d 193, 197-98 (3d Cir. 1997).  However, Plaintiff has provided nothing on which the Court can rely to import this interpretation to this circuit.  Defendant points out that the Tenth Circuit has applied this factor "by its plain terms", and the Court agrees.  (*See* ECF No. 129 at 11 n.36.)  Consequently, due to the substantial risk of piecemeal litigation were this action to continue, the Court finds that this factor weighs heavily against exercising jurisdiction.

When evaluating the fourth factor, the order in which the courts obtained jurisdiction, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 3 (finding that "no substantial proceedings had taken place in the state suit at the time of the District Court's stay order, whereas in the federal suit the parties had taken most of the steps necessary to a resolution of the arbitrability issue.").  The Foreclosure Proceeding has now advanced through trial to a judgment, which is pending appeal, while the instant action, despite its age, has never proceeded

past jurisdictional briefing.  Accordingly, the Court rejects Plaintiff's argument that the large number of docket entries in the instant action indicate that it has made more progress than the Foreclosure Proceeding.  (*See* ECF No. 128 at 14.)  This action has remained stalled while the Foreclosure Proceeding has progressed nearly to completion.  Therefore, the Court finds that the fourth factor also weighs heavily against exercising jurisdiction.

The parties agree that the fifth factor, the vexatious or reactive nature of the litigation, is not relevant here, and is therefore neutral.  (ECF Nos. 128 at 14; 129 at 12.)  As to the sixth factor, whether federal law provides the rule of decision, the parties agree that it does not.  (*Id.*)  Plaintiff notes that diversity cases always rely on state law, suggesting that the Court discount the weight of this factor and call it neutral instead. (*See* ECF No. 128 at 14-15.)  However, Plaintiff does not explain why a pertinent factor identified for consideration by the Supreme Court should be so casually dismissed merely because it may apply in a large swath of cases.  Moreover, as a practical matter, the presence of federal claims would counsel in favor of exercising jurisdiction, while the lack of such claims renders more reasonable a court's decision to decline jurisdiction.  The Court declines Plaintiff's invitation to ignore the sixth factor, and finds that it weighs against exercising jurisdiction.

Finally, the seventh factor considers whether the Foreclosure Proceeding is an adequate forum for Plaintiff's claims.  Plaintiff does not argue that the Foreclosure Proceeding is an inadequate forum, but instead cites a Fifth Circuit case for the proposition that this factor can never weigh against the exercise of jurisdiction.  (*Id.* at 15 (quoting from *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1193 (5th Cir. 1988).)

9

However, *Evanston Insurance* does not explain its reasoning, stating only that "it is clear from its nature that [the seventh factor] can only be a neutral factor or one that weighs against, not for, abstention."  844 F.2d at 1193.  Apart from this citation, Plaintiff provides no additional argument that this factor weighs in favor of exercising jurisdiction.  Accordingly, the Court finds that the Foreclosure Proceeding is an adequate forum to hear Plaintiff's claims, and thus the seventh factor weighs against exercising jurisdiction.

The Court is well-advised to be cautious in exercising its discretion, and to limit abstention under *Colorado River* to the rare exceptional case; yet such "circumstances, though exceptional, do nevertheless exist."  *Colorado River*, 424 U.S. at 818.  Even assuming that the first factor weighs in favor of exercising jurisdiction under *Colorado River*, the Court finds that all remaining factors pertinent to this case weigh against the exercise of jurisdiction, and the "core" factor, avoidance of piecemeal litigation, weighs heavily against exercising jurisdiction.  Therefore, the Court concludes that this case is such an exceptional circumstance as to warrant *Colorado River* abstention.

Having determined that abstention under *Colorado River* is appropriate, the Court must choose whether to stay the case pending the resolution of the state proceedings, or alternatively whether to dismiss.  Where it is possible that "the state court proceedings [may] not resolve all the federal claims, a stay preserves an available federal forum in which to litigate the remaining claims, without the plaintiff having to file a new federal action."  *Fox*, 16 F.3d at 1083.  In this case, because Plaintiff asserted no federal claims, the availability of the federal forum need not be preserved.

Accordingly, the Court adopts the Recommendation as to the *Colorado River*

analysis, grants Defendant's Motion, and dismisses Plaintiff's claims without prejudice. Because an amended final judgment shall be entered from which Plaintiff may appeal, Plaintiff's request for certification for interlocutory appeal under 28 U.S.C. § 1291 is denied as moot.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    Plaintiff's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e), Or Alternatively to Certify Issues for Interlocutory Appeal Pursuant to 28 U.S.C. § 1291 (ECF No. 128) is GRANTED IN PART as to the *Younger* abstention doctrine and DENIED IN PART in all other respects;

2.    The Court's Order Adopting the February 21, 2014 Recommendation of the Magistrate Judge and Granting Defendant's Motion to Dismiss (ECF No. 126) is VACATED;

3.    The February 21, 2014 Recommendation of the Magistrate Judge (ECF No. 117) is ADOPTED IN PART as to the *Colorado River* doctrine and REJECTED IN PART as to the *Younger* abstention doctrine;

4.    Defendant's Motion to Dismiss Third Amended Complaint (ECF No. 110) is GRANTED; and

5.    An amended judgment against Plaintiff and in favor of Defendant shall issue. Defendant shall have its costs.

Dated this 19th day of March, 2015.

BY THE COURT:

_____
William J. Martinez
United States District Judge